01-27-09      2-159

1  Johnson, his nervousness just increased to the point
2  that they asked him to step out of the car.
3         Rodney Johnson's hands are shaking so bad
4  when he reached over for the seatbelt, that the
5  officers can see it at the window.  They are then put
6  on the curb
7         At some point after that they are arrested.
8  They are taken to central booking.  In central booking
9  is where this whole tale unravels.  It's in central
10 booking, when they were arrested on December 28th,
11 2007, at approximately 12:30-1:00 in the afternoon,
12 minutes after the shooting, blocks away from the
13 shooting they are arrested.
14        In central booking, the next day, December
15 29th, at about 8:30 a.m., they run into a guy in the
   break room at central booking, Michael West.  Michael
   West, he knows Ronald Cox a little bit from the area.
   They're in the same neighborhood; he knows him a little
19 bit.  He knows Rodney Johnson very well.  He's known
20 Rodney Johnson for probably ten years or more.  Rodney
21 Johnson starts talking to Michael West in the jail,
22 saying, "We killed T."
23        "T", as Michael West would tell you, is Todd
24 Dargen.  "T" has been a friend, as opposed to Rodney
25 Johnson, has been a friend of Michael West for over a

**From:** Bridgeman, Linda [LBridgeman@dpscs.state.md.us]
**Sent:** Wednesday, September 24, 2008 11:19 AM
**To:** Douglas Guidorizzi
**Subject:** RE: Booking Information

Per the Security Capt on-duty this am, committed individual may be kept in holding cells on the booking floor while waiting for a bed to open in the quarantine dorms for new intakes. There is no computer record, or hard copy record kept regarding cell assignments. (Entering them as a "COMMITMENT" in the booking report system, closes their case.)

---

**From:** Douglas Guidorizzi [mailto:DGuidorizzi@stattorney.org]
**Sent:** Wednesday, September 24, 2008 8:52 AM
**To:** Bridgeman, Linda
**Subject:** Booking Information

Linda,

Pursuant to our conversation, please send me the Booking Information for Michael West and Ronald Cox along with the layout of the rooms. Thanks.

Doug

Douglas D. Guidorizzi

Assistant State's Attorney

Homicide Division

Baltimore City State's Attorney's Office

110 N. Calvert Street

Baltimore, MD 21202

410-396-1772

410-685-1527 (fax)

9/24/2008

| Commit | Holding Cell | Bell Bridgman |
|---|---|---|
| Walk 12/29 @ 3:17 am. | 12/29 @ 3:17 — 1/28. | 1/2 ? 3N03! |
| Cot 12/29 @ 12:10 pm. | 12/29 @ 12:10 — 12/29 ? | 12/29 ? 3N04 |
| Johnson 12/29 @ 12:11 pm | 12/29 @ 12:11 — 1/2 ? 12/31 queue ? | 1/2 3N042 A |

DORMS A + B have possible contact or elevator or hallway



**Baltimore Central Booking and Intake Center**
**2nd Floor**
**North End**

2-17-08

To, whom this may concern

My name is Michael west and I'm a witness in a Murder case. The murder happend on Dec. 28 07 in Church Square in east Baltimore. I was told by detective Kershaw and ~~his~~ the other detective that is working the case, that I would be able to meet with the State's Attorney in this case. please its very importent that I meet with the State's Attorney, <u>I was premise this meeting by detective Kershaw</u> please meet with me.

My public Defender name is (Louis Brendan Curran) his number (410) 333-4900 Ext. 243

I Don't Know the State's Attorney name in this case Can Some one help me out. It's very importent that I meet with the state's Attorney.

Thank you

Michael west 1616914

(Trial transcript, January 28, 2009. 3-100)

To, whom this may concern

My name is Michael West 1616914 and I'm a Witness in a Murder case. The reason why I'm writing is because I was told by detective Kershaw that work homicide on Baltimore Street that I would be able to talk to the State's Attorney. The Murder happend in East Baltimore in church square off of Carolyn Street. There were two men arrested and charge in the Murder. The date this Murder happend was 12-28-08. Its really important tho I talk to the State's Attorney on this case. Please I really need to talk to who ever got this case. Detective Kershaw is one of the detective that interview me and he got a statment on tape. Please Meet with me

Michael West 1616914

Louis Brendan Curran is my public defender his number is
(410) 333-4900 ext 243

1/28/09        3-100

1  Q    At any time, either during the photo array or
2  the taped statement, did any of the officers ever offer
3  you anything to pick those photos?
4  A    No.
5  Q    Did any of the officers threaten you in any
6  way?
7  A    No.
8  Q    Was there, were there any State's Attorneys
9  present when you viewed those photo arrays?
10 A    No.
11 Q    Now, concerning your testimony today, did
12 Detective Kershaw or Detective McDermott offer you
13 anything to testify?
14 A    No.
15 Q    Mr. West, we have met before?
16 A    Yes.
17 Q    Have I ever told you what to testify to here
18 today? *The police did.*
19 A    No.
20 Q    And did you ever meet any other State's
21 Attorneys concerning this case?
22 A    Yes.
23 Q    And did that person ever tell you what to
24 testify to?
25 A    No.

HUNT REPORTING COMPANY
Court Reporting and Litigation Service
Serving Maryland, Washington and Virginia
410-766-HUNT (4868)
1-800-950-DEPO (3376)

Here, in Petitioner's case, even if no single error warrants post conviction relief, the "cumulative effect" of the errors does warrant relief. Even if some errors are "non-deficient," and even if some deficiencies are "non-prejudicial,"

(1) the "cumulative effect" of the "non-deficient errors" under the "performance prong," constitutes serious attorney error, and

(2) the "cumulative effect" of the "non-prejudicial deficiencies," under the "prejudice prong," constitutes prejudice, and, thus, ineffective assistance of counsel.

III. The state and federal prosecutor withheld information of plea agreements with Michael West for his cooperation and substantial assistance in Mr. cox's case, particularly in conjunction with false testimony offered by Michael West who had an interest in the outcome of the Petitioners trial denying him a fair trial in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

CROSS EXAMINATION OF MICHEAL WEST
(T. 1-28-09 at pages 3-130, 131)

MS. FLYNN: The U.S. Attorney's office can ask for Less time based on your substantial assistance in the prosecution of other ?

MR. GRZECHOWIAK: objection.

The COURT: Sustained.

MS. FLYNN: Mr. West, what do you take that to mean ?

MR. WEST: I didn't take it as to mean anything that was going on in the State, State wise. I thought it was saying something that was going on Federal. I didn't think that it would have anything to do with what I was doing here.

MS. FLYNN: Are you cooperating with the detectives on some other investigation ?

7.

MR. WEST: No.

MS. FLYNN: Have you ever met with the fed's regarding any other investigation.

MR. WEST: No.

MS. FLYNN: Okay, so it fair to say that from the time you were federally indicted until today you have not engaged in No other prosecution ?

MR. WEST: Right.

MS. FLYNN: Mr. West are you hoping for Less than ten to fifteen years ?

MR. WEST: Yes.

This false testimony from a crucial state witness regarding his cooperation agreement with federal prosecutors was done to mislead the jury.
There is a "reasonable likelihood" that the false testimony affected the judgment of the jury.

This false testimony from Michael West was rebutted by his own federal public defender who gave the following testimony at trial in the state court in this case;

CROSS EXAMINATION OF MR. HURSON - (HURSH)
(T. 1-29-09 at pages 4, 12-22)

MS. FLYNN: Now did there come a time when Michael West entered into a plea agreement for his pending federal handgun charges ?

MR. HURSON: Yes.

MS. FLYNN: Sir, I'd like to show you what's been marked and entered into evidence a Defense Exhibit No.1. Could you take a look at the document ?

A. Certainly (witness reviews document).

A. Okay.

8.