IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

*IN RE*: RONALD COX, #355-348,     *     Misc. No. 13-424

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND O R D E R

On August 26, 2013, Ronald Cox, a Maryland state prisoner presently confined at North Branch Correctional Institution in Cumberland, filed a motion seeking disclosure of sealed information pertaining to *United States v. Michael West,* Crim. No. RDB-08-0372 (D. Md.). *See* Mot. for Disclosure, ECF No. 1.[1] When the filing is liberally construed consistent with *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Cox appears to seek the unsealing of documents related to the *West* case, including the sealed supplement, for use in his state post-conviction proceedings, *see* Mot. for Disclosure 3.

Cox failed to pay the miscellaneous filing fee of forty-six dollars ($46), *see* 28 U.S.C. § 1914, or to provide an indigency affidavit to seek leave to proceed in forma pauperis. He was reminded of this deficiency and granted fourteen (14) days to correct the deficiency. *See* Order, ECF No. 4. He shall be granted a *final* fourteen (14) days to correct this deficiency. Cox is cautioned that failure to submit the required filing fee may result in the dismissal of this action without prejudice and without further notice from this Court.

---

[1] This case was filed originally as *Cox v. Maryland*, Civ. No. PWG-13-2479. On September 16, 2013, I ordered the Clerk to restyle the case as Misc. No. 13-424. *See* Order, ECF No. 4. The Motion for Disclosure in Misc. No. 13-424, ECF No. 1, was electronically transferred from the original case opened by Petitioner.

On September 9, 2013, Mr. Gary Proctor entered his appearance, *pro bono*, on behalf of Petitioner.[2] *See* Notice, ECF No. 2. I held a telephone conference on September 11, 2013 with Mr. Proctor, Counsel for West, and the U.S. Attorney's Office. I ordered Mr. Proctor to submit a proposal for documents to be released to Petitioner's state habeas attorney, Ms. Judith Jones. *See* Letter Order, ECF No. 5. On September 30, 2013, Cox submitted, without his counsel, a handwritten request under the Freedom of Information Act for the same documents he requested in his Motion. *See* Correspondence, ECF No. 6. I denied his request without prejudice as duplicative of his Motion. Letter Order, ECF No. 7.

Mr. Proctor requested the release of the Plea Agreement, the Sealed Supplement, an Emergency Motion, portions of the Sentencing Memorandum, and portions of the Statement of Reasons from West's criminal case.[3] Those documents would be released directly to Ms. Jones, subject to a protective order. Counsel for West and the Government submitted responses.[4] Both agreed to the release of the Plea Agreement, the Sealed Supplement, and the Emergency Motion, but expressed concerns, for various reasons, about releasing the contents of the Sentencing Memorandum and the Statement of Reasons.[5] Mr. Proctor submitted a reply.[6] There, he argues that any agreement between West and the Government and its resulting impact on West's

---

[2] The Court thanks Mr. Proctor for agreeing to represent Mr. Cox for the limited purpose of the pending request to unseal documents for use in his state post-conviction proceedings. Mr. Proctor's involvement in this matter evidences his commitment to the CJA Panel and the Bar.

[3] His proposal shall be filed under seal as attachment 1 to this Order.

[4] The responses shall be filed under seal as attachments 2 and 3 to this Order.

[5] To protect the safety of West and others, the concerns raised by the Government and Counsel for West will not be discussed in this Order, which shall be filed publically. The concerns are contained in the sealed attachments to this Order and are incorporated by reference.

[6] The reply shall be filed under seal as attachment 4 to this Order.

ultimate sentence, as well as the timeliness of their disclosure to Cox's trial counsel, are relevant to Cox's state post-conviction proceedings. I agree, and am ordering the below identified sealed filings in West's case to be made available to Cox's state post-conviction attorney for use in those proceedings.

After consideration of all the filings by Cox, Mr. Proctor, Counsel for West, and the Government, I find it appropriate to release to Ms. Jones the following documents from *United States v. West*, Crim. No. RDB-08-372, subject to an appropriate protective order: the Plea Agreement, ECF No. 31; the Sealed Supplement, ECF No. 32; the Emergency Motion, ECF No. 35; and the Judgment, ECF No. 47. As all parties recognize, Ms. Jones should receive the Plea Agreement, the Sealed Supplement, and the Emergency Motion. However, the Government and Counsel for West raise legitimate concerns about the potential dangers of releasing the Sentencing Memorandum and the Statement of Reasons. That said, the judgment imposing West's criminal sentence may be relevant to Cox's state proceedings. Mr. Proctor acknowledges that he cannot precisely articulate his need for the Statement of Reasons and the Judgment because they are sealed and he cannot review the documents. After an independent review, I find the Judgment an adequate substitute for the Statement of Reasons. Therefore, in place of the Sentencing Memorandum and the Statement of Reasons, Ms. Jones shall receive the Judgment. With the Plea Agreement, the Sealed Supplement, the Emergency Motion, and the final judgment, Ms. Jones will have sufficient information adequate to represent Cox in his state proceedings.

In the Letter Order dated September 16, 2013, I ordered the parties to submit filings directly to my Chambers and ordered that the parties not file documents on CM/ECF, due to the sensitivity of the issues and the potential dangerousness if the information became public. That

order is hereby rescinded and any future filings in this action shall be filed in CM/ECF, rather than sent to Chambers directly. The parties shall submit a joint proposed protective order, with Ms. Jones's signature, for the Court's approval. The protective order shall clearly state that the documents released pursuant to this Order remain sealed and are *not* to be given to Cox. Their use shall be limited to discussions of their content and sections may be shown to Cox at the discretion of his counsel. If the documents are filed in state court, they must be filed under seal. Once the signed protective order is approved, I will direct the Clerk to mail the four documents listed above directly to Ms. Jones.

Accordingly, it is this 23rd day of October, 2013, by the United States District Court for the District of Maryland, hereby ordered:

1. Petitioner Ronald Cox IS GRANTED a final fourteen (14) days leave to pay the proper filing fee or to seek leave to proceed in forma pauperis;

2. The parties SHALL FILE an executed joint proposed protective order for the Court's approval;

3. The Clerk SHALL MAIL a copy of this order to Petitioner.

_____
Paul W. Grimm
United States District Judge